**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*

*United States Courthouse*
*300 State Street, Suite 230*
*Springfield, Massachusetts 01105*

October 8, 2026

BY USAFX (with enclosures)
BY ECF (without enclosures)

Inga Bernstein, Esq.
Zalkind, Duncan + Bernstein
2 Oliver Street, Suite 200
Boston, MA 02109
Counsel for Barbara A. Hirshfield

Re: *United States v. Barbara A. Hirshfield*
Criminal No. 26-30026-MGM

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(c) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts and the Discovery Protective Agreement dated November 18, 2025 and the Discovery Protective Order dated July 23, 2026 (D.8), the Government provides the following automatic discovery in the above-referenced case concerning the defendant Barbara A. Hirshfield ("Hirshfield") and her business, Ideal Financial Services and Ideal Financial Holdings (collectively, "Ideal"):

On the following dates, pursuant to pre-indictment plea negotiations, the Government provided your predecessor, Steven H. Brooks, Esq. of Brooks & DeRensis ("Attorney Brooks"), with the following materials, which had not been processed, labeled, or indexed (*see* D.14):

November 20, 2025:

1. Defendant – Background Materials
   a. CJIS checks, dated August 19, 202 and September 26, 2026.
   b. CLEAR Report, dated September 26, 2025.
   c. Discovery Protective Agreement, dated November 18, 2025.

2. Law Enforcement Reports
   a. West Springfield Police Department ("WSPD") Report No. 25-11490 (including Supplement and miscellaneous supporting documents).

b. Federal Bureau of Investigation ("FBI") Serial Nos. 1-33.

3. Third-party Records
a. Massachusetts Securities Division ("MSD")
b. Middlesex South Registry of Deeds
c. Montes, Jessenia
d. Regan, Dennis (USAO)

November 21, 2025:

1. Applications, Affidavit, Search Warrants, and Returns in Docket Nos. 25-mj-3139to3147-KAR (for Ideal's office, Hirshfield's residence, Hirshfield's person, Hirshfield's mobile phone, and five social media accounts).

June 29, 2026:

2. FBI serial numbers 34 to 70 (including Serial 69, which contains the proffer statements of Hirshfield on February 26, 2026, along with her proffer letter agreement, the notes of her proffer and the exhibit presented to her during the proffer.

On August 27, 2026, the Government provided Attorney Brooks, by USAFx, those previously produced materials, now processed, labeled HIRSHFIELD-000001 to HIRSHFIELD-065387, and saved in a zip file as Prod 001.07-07-26.zip, along with a detailed index entitled Prod 001_privlog.07-07-26.csv. D.14. On October 8, 2026, you requested that the Government upload, by USAFx, a copy of this production to your firm, and the Government did so.

The documents enclosed with this letter can be opened and read with standard software.[1] To the extent that any future productions include documents that cannot be read with standard software, the Government will specify what additional software program(s) are required.

A. Rule 16 Materials

1. Statements of Defendant under Rule 16(a)(1)(A) and (a)(1)(B)

a. Written Statements

The Government's discovery contains numerous written statements made by Hirshfield in the possession, custody or control of the Government, the existence of which is known to the attorney for the Government:

i. Numerous emails, text messages, advertisements, notes, offers, investor materials, and other business records concerning Hirshfield's

[1] Standard software is defined as the programs comprising the Microsoft Office Suite, Adobe Acrobat Reader, Windows Media Player or VLC.

business, including:

(1) Massachusetts Division of Banks ("MDB") Consent Order to Ideal, executed by Hirshfield, dated November 13, 2012.

(2) MDB Consent Order to Ideal, executed by Hirshfield, dated February 11, 2014.

ii. Massachusetts Securities Division ("MSD") Statement of Financial Condition executed by Hirshfield, dated August 25, 2025.

iii. Proffer letter agreement executed by Hirshfield, dated February 26, 2026.

iv. Government Exhibits 1-11 presented at the proffer and initialed by Hirshfield, dated February 26, 2026.

b. Recorded Statements

On August 11, 2025, Hirshfield provided sworn on-the-record ("OTR") investigative testimony before the MSD. Copies of the transcript of that testimony and the exhibits presented during that testimony are enclosed.

c. Grand Jury Testimony of the Defendant

Hirshfield did not testify before a Grand Jury in relation to this case.

d. Oral Statements to Then Known Government Agents

The following documents are enclosed:

i. FBI Serial 69 memorializes Hirshfield's proffer statements on February 26, 2026.

2. Defendant's Prior Record under Rule 16(a)(1)(D)

Enclosed is a copy of Hirshfield's prior criminal history reports (negative), dated August 29, 2025 and September 26, 2025.

3. Documents and Tangible Objects under Rule 16(a)(1)(E)

Enclosed are copies of all books, papers, documents and tangible items which are within the possession, custody or control of the Government, and which are material to the preparation of the defendant's defense or are intended for use by the Government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant. The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

These records include materials seized during the execution of the search warrants listed below, the third-party materials provided on November 20, 2025, and responses to the following Grand Jury subpoena:

i. 1: Venmo

ii. 2: Early Warning Services

iii. 3: TD Bank

iv. 5: Cambridge Trust d/b/a Eastern Bank

v. 6: Massachusetts Division of Banks

vi. 7: Equifax

vii. 8: JPMorgan Chase

viii. 9: Comenity Bank

ix. 13: American Express

x. 14: One Main Financial

xi. 15: CitiBank (Macy's)

4. Reports of Examinations and Tests under Rule 16(a)(1)(F)

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B. Search Materials under Local Rule 116.1(c)(1)(B)

Search warrants were executed at the locations and dates in the chart below. A copy of the search warrants, applications, affidavit, and returns for each of these search warrants are enclosed:

| **Date of Warrant** | **MJ No.** | **Location** |
|---|---|---|
| October 31, 2025 | 25-mj-3139-KAR | Ideal Office / West Springfield, MA |
| October 31, 2025 | 25-mj-3140-KAR | Hirshfield Residence / Lexington, MA |
| October 31, 2025 | 25-mj-3141-KAR | Hirshfield Person / Lexington, MA |
| October 31, 2025 | 25-mj-3142-KAR | A Mobile Phone with Telephone Number (508) 308-3228 |
| October 31, 2025 | 25-mj-3143-KAR | Hirshfield AOL Account (Yahoo!, Inc.) |
| October 31, 2025 | 25-mj-3144-KAR | Hirshfield Gmail Account (Google, LLC) |
| October 31, 2025 | 25-mj-3145-KAR | Ideal Gmail Account (Google, LLC) |
| October 31, 2025 | 25-mj-3146-KAR | Ideal JM Outlook Account (Microsoft Corp.) |

| Date of Warrant | MJ No. | Location |
|---|---|---|
| October 31, 2025 | 25-mj-3147-KAR | Hirshfield iCloud Account |

C. Electronic Surveillance under Local Rule 116.1(c)(1)(C)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. Consensual Interceptions under Local Rule 116.1(c)(1)(D)

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E. Unindicted Coconspirators under Local Rule 116.1(c)(1)(E)

There is no conspiracy count charged in the Indictment.

F. Identifications under Local Rule 116.1(c)(1)(F)

Hirshfield was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of Hirshfield.

G. Exculpatory Evidence Under Local Rule 116.2(b)(1)

1. The Government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2. The Government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness whom the Government anticipates calling in its case-in-chief, except that victims have been generally informed that they may be eligible for restitution if Hirshfield is convicted.

4. The Government is unaware that any of its named case-in-chief witnesses has any criminal record.

5. The Government is unaware that any of its named case-in-chief witnesses has any criminal cases pending.

6. No identification procedure was used in this case.

H. Other Matters

The Government is aware of its continuing duty to disclose newly-discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(b)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The Government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(d).

Please contact me if you have any questions.

Very truly yours,

LEAH B. FOLEY
United States Attorney

STEVEN BRESLOW
Digitally signed by STEVEN BRESLOW
Date: 2026.10.08 12:38:34 -04'00'

By: *Steven H. Breslow*
Steven H. Breslow
Assistant U.S. Attorney
(413) 785-0330
steve.breslow@usdoj.gov

Encl. (by USAFx)